## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROGER W. HENDERSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. C-10-70** |
| | § | |
| **WARDEN CRITES, ET AL.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pending is plaintiff's motion for a transfer from state custody because of danger (D.E. 7-2). It is respectfully recommended that plaintiff's motion be denied.

### I.      Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II.      Background facts and plaintiff's allegations.

Plaintiff is an inmate currently assigned to the McConnell Unit of TDCJ-CID (D.E. 1, 6). Plaintiff alleges that the TDCJ Galveston defendants performed an unnecessary thyroidectomy surgery on him, and during the operation cut his left laryngeal nerve leaving him with a speech impediment. He further alleges that the McConnell Unit medical and security defendants' actions in confiscating his double portion diet pass and in failing to honor it have resulted in weight loss and other serious medical problems (D.E. 6).

Plaintiff moves for a transfer from state custody "because of clear and present danger against me by Defendants and employees" (D.E. 7-2).  Plaintiff's motion is considered as a request for a preliminary injunction.

**III.  Discussion**.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff's motion fails to warrant such an extraordinary remedy.  First of all, plaintiff has asked for relief which is not available to him and which cannot be ordered by this court.  Plaintiff asks to be removed from state custody, yet he cites no authority giving this court the authority to order him released from state custody.  Plaintiff does not explain or suggest where he should be transferred, nor does he state who would be able to legally able to accept custody of him if he is ordered removed from state custody.  He is not serving time for conviction of a federal criminal offense, nor is he a witness in a federal criminal case;

therefore federal custody is not appropriate.  Moreover, if plaintiff is requesting immediate release from custody, he must file a habeas corpus petition.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 93 S.Ct. 1827 (1973) (habeas corpus is the exclusive remedy for state prisoners seeking immediate release from prison).

Assuming plaintiff is requesting, in the alternative, an order transferring him to another  TDCJ Unit, he has not carried his burden on the four requirements for a preliminary injunction.  Even if plaintiff could show a likelihood of success on the merits, he cannot prevail on the second, third and fourth elements.  Plaintiff has not received any direct threats of harm.  His fears are very speculative:

> I now state to the Court I am in imminent Danger and serious physical injury after filing this civil Lawsuit a number of offenders known as the Wardens Prison informants have repeatedly approached me in an attempt to involve me in illegal activity such drugs, as in holding the drugs for pay or other activity and these informants have been caught by prison officials with money, drugs, or cell phones with very little punishment.  Also on May 26, 2010 I was warned by an officer I needed to be very careful because he had been hearing my name by officers and that he felt I was in Danger, then that same day I was approached by two offenders with a warning the first offender who's last name also is Henderson as mine stated he had talked to Warden Crites who's listed as a defendant in this case, then offender informed me that when he gave his name to Warden Crites, Major Gonzales (new to the Unit) stated, "is this the Roger Henderson who has filed the law Suit against the Administration, Offender Henderson stated he wasn't but that he did know who I was [sic].

(Mot. for Injunctive Relief, D.E. 7 @ 1-2).  Plaintiff has not been threatened.  If plaintiff is threatened, he can file, with McConnell Unit officials, a Life in Danger report and request protection and a transfer.  If plaintiff is being asked to participate in criminal activity, he should report it to the appropriate authorities, and if he believes he needs protection after reporting criminal activity, he should ask for it.  Nowhere in plaintiff's motion does he

indicate that he has tried to report criminal activity, or that he as requested and been denied protection by TDCJ officials.  Plaintiff cannot show irreparable injury.

Furthermore, the ordering of injunctive relief at this time will not serve the public interest.  Federal courts are reluctant to interfere in the internal affairs of local jails or state prisons.  See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations).  There is a  system in place at TDCJ-CID to keep inmates out of harm's way but plaintiff has not yet taken advantage of it.  The ordering of injunctive relief at this stage of plaintiff's case would not serve the public interest.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing, it is respectfully recommended that plaintiff's application for a preliminary injunction  (D.E. 7-2) be denied.

Respectfully submitted this 17th day of June, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

-4-

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).