IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROGER W. HENDERSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | C.A. NO. C-10-70 |
| | § | |
| **WARDEN CRITES, ET AL.,** | § | |
| **Defendants.** | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY
### PLAINTIFF'S SECCOND MOTION FOR A PRELIMINARY INJUNCTION

Pending is plaintiff's second motion for a preliminary injunction (D.E. 12). It is respectfully recommended that plaintiff's motion be denied.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.    Background facts and plaintiff's allegations.**

Plaintiff is an inmate currently assigned to the McConnell Unit of TDCJ-CID (D.E. 1, 6). Plaintiff alleges that the TDCJ Galveston defendants performed an unnecessary thyroidectomy surgery on him, and during the operation cut his left laryngeal nerve leaving him with a speech impediment. He further alleges that the McConnell Unit medical and security defendants' actions in confiscating his double portion diet pass and in failing to honor it have resulted in weight loss and other serious medical problems (D.E. 6). A recommendation to retain some of plaintiffs claims and dismiss others was entered July 20, 2010 (D.E. 13), and service of process was ordered (D.E. 14).

On June 9, 2010, plaintiff filed his first motion for a preliminary injunction, a transfer (D.E. 7). A recommendation to deny that motion is pending before the District Court (D.E. 8). On July 14, 2010, plaintiff filed his second motion for a preliminary injunction requesting that the court order the medical personnel at the McConnell Unit to provide him with Osmolyte, which plaintiff describes as a diet supplement (D.E. 12).

**III.   Discussion**.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff's motion fails to warrant such an extraordinary remedy. First of all, plaintiff has not demonstrated a likelihood of success on the merits of his medical claims. He has alleged that medical personnel have continually interfered with Dr. Stein's orders, and he has alleged that this interference placed him at risk of harm, but he has not shown that he has been harmed. At most plaintiff has shown that several months ago a physician ordered a diet

supplement for plaintiff. He has not shown that the diet supplement is still medically necessary.

Even if plaintiff could show a likelihood of success on the merits, he cannot prevail on the second, third and fourth elements. Plaintiff has not demonstrated irreparable injury. Plaintiff has submitted only his opinion that he has been harmed by the actions of the medical staff. Plaintiff has not shown any direct harm. Third, plaintiff has not shown that the necessity of issuing a issuing a preliminary injunction outweighs damage that the injunction may cause.

Finally, plaintiff has not shown that ordering of injunctive relief at this time would serve the public interest. Federal courts are reluctant to interfere in the internal affairs of local jails or state prisons. See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations). According to the grievance forms attached to plaintiff's motion, he has been seen by medical personnel on a regular basis, he has access to medical care, and he has access to a grievance process when he disagrees with the care provided. The ordering of injunctive relief at this stage of plaintiff's case would not serve the public interest.

There will be only a few months of discovery allowed before the parties submit dispositive motions. If plaintiff survives dispositive motions, his claims will be presented to and decided by a jury. If he prevails, he may request permanent injunctive relief at that time.

## IV.     RECOMMENDATION

Based on the foregoing, it is respectfully recommended that plaintiff's application for a preliminary injunction (D.E. 12) be denied.

Respectfully submitted this 4th day of August, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).