IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER W. HENDERSON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | C.A. NO. C-10-70 | |
| § | | |
| WARDEN CRITES, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER DENYING
SECOND MOTION FOR APPOINTMENT OF COUNSEL
AND GRANTING MOTION FOR EXTENSION OF TIME
TO DESIGNATE EXPERT WITNESSES**

Plaintiff is an inmate currently assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that certain defendants were deliberately indifferent to his serious medical needs and other defendants used excessive force on him. Pending is plaintiff's second motion for appointment of counsel (69), along with his motion for an extension of the deadline to designate expert witnesses (D.E. 68).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff has been able to engage in discovery. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E.

69) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

Plaintiff's motion for an extension of time to designate expert witnesses (D.E. 68) is granted. The deadline for all parties to designate expert witnesses is extended to March 11, 2011. Responsive experts shall be designated within twenty days. The discovery deadline is extended by thirty days to depose expert witnesses only.

ORDERED this 10th day of February, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE